IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Ladale Reeves, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 6:16-715-HMH-KFM |
| | ) |
| vs. | )   Report of the Magistrate Judge |
| | ) |
| Hampton Forest Apartments; | ) |
| Betty Parr; | ) |
| Monument Real Estate Services; | ) |
| Jenny Decker, | ) |
| | ) |
| Defendants. | ) |

        Michael Ladale Reeves, ("the plaintiff"), a tenant at the Hampton Forest Apartments in Greenville, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this civil action against the defendants: Hampton Street Apartments located in Greenville, South Carolina; Monument Real Estate Services, located in Miami, Florida; Betty Parr, an employee of Monument Real Estate Services in Greenville, South Carolina; and Jenny Decker, an employee of Monument Real Estate Services in Miami, Florida (doc. 1 at 2). The plaintiff alleges that he has been discriminated against, harassed, forced into a hostile environment, stalked, cyberstalked, slandered, libeled, and that his First Amendment rights have been violated (*id.* at 4-5). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. As the complaint alleges no basis for federal jurisdiction, this case should be dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

        Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28

U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e) (2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.

This Court is required to liberally construe *pro* se documents, *Estelle*, 429 U.S. 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint here is subject to summary dismissal.

The mandated liberal construction afforded *to pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) , or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) .

## **BACKGROUND**

The plaintiff contends that the defendants Betty Parr and Jenny Decker have made false allegations against him resulting in his lease being terminated[1] (docs. 1 at

---

[1]The plaintiff received a lease termination letter dated February 25, 2016, advising
(continued...)

2

3 and 1-1). Specifically, he alleges that the defendant Parr "falsely accused me of urinating off my balcony into the flower pots below" (doc. 1 at 4). The plaintiff contends that he "protested" the accusation and complained to the "Regional Management,"[2] but "nothing was done" (*id.*). Sometime thereafter, the plaintiff indicates that he posted a review of the apartment complex on Facebook. The plaintiff states, after the Facebook review, that he was retaliated against in violation of his First Amendment rights (*id.*). As relief, the plaintiff seeks an apology, two million dollars in punitive damages, and that the defendants Parr and Decker be dismissed from the employment of Monument Real Estate Services.

## **DISCUSSION**

This action arises out of a landlord-tenant dispute, and it appears that the resolution of the plaintiff's eviction problems is governed by state landlord tenant law. In order for this Court to hear and decide a case, the Court must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir.1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir.1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F.R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in the pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also*

---

[1](...continued)
him that his lease was being terminated due to default of Section 19 of his lease: Prohibited Conduct. (Doc. 1-1).

[2]It appears that the plaintiff is referring to the defendant Decker when he references "Regional Management," as later in the complaint, he states that "Ms. Decker was informed of the situation and given 48 hours to fix it. She did not respond and is thereby considered complicit and supportive of Ms. Parr's actions" (doc. 1 at 6).

3

*Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir.1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded.*" Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed.1997)). While the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir.1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As set forth below, the allegations contained in the plaintiff's complaint do not fall within the scope of either form of this Court's limited jurisdiction.

First, the complaint provides no basis for a finding of diversity jurisdiction over this action. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn. 13–16 (1978). Here, the Court has no diversity jurisdiction over this case, because, according to the plaintiffs' pleadings, there is not complete diversity of all parties as the plaintiff, a South Carolina resident, is suing at least one party, defendant Hampton Forest Apartments, that is also located in South Carolina.

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United

4

States." 28 U.S.C. § 1331.  Although, the plaintiff attempts to allege a First Amendment claim regarding his Facebook posting, this allegation does not establish "federal question" jurisdiction over this case.  Here, the plaintiff appears to be suing private individuals and private businesses.  Purely private conduct, such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Because the complaint provides no facts to demonstrate that the defendants are public employees or officials, or in any way connected to "state action," any § 1983 claim the plaintiff may be alleging must be summarily dismissed.

In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for the defendants.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in this case without prejudice and without issuance and service of process.  The plaintiff's attention is directed to the Notice on the next page.

s/ Kevin F. McDonald
United State Magistrate Judge

March 22, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).