IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Ladale Reeves, | ) |
| Plaintiff, | ) C.A. No. 6:16-715-HMH-KFM |
| vs. | ) **OPINION & ORDER** |
| Hampton Forest Apartments; Betty Parr; Monument Real Estate Services; Jenny Decker, | ) |
| Defendants. | ) |

 This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Michael Ladale Reeves ("Reeves"), proceeding pro se, alleged in his complaint that the Defendants retaliated against him and violated his First Amendment rights in falsely accusing him of misconduct and terminating his lease after posting a negative review of Hampton Forest Apartments on social media. (Compl., generally, ECF No. 1.) In his Report and Recommendation, Magistrate Judge McDonald recommends dismissing the complaint without prejudice and without issuance and service of process for lack of subject matter jurisdiction. (Report & Recommendation at 5, ECF No. 14.) Reeves filed objections on March 25, 2016.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Reeves' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Reeves submits for the first time in his objections that federal subject matter jurisdiction exists because he alleges a federal claim for violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Reeves contends that he is physically disabled due to numerous impairments and that the Defendants have discriminated against him by making "false allegations designed to force [him] from the premises" and terminating his lease. (Compl. 3, ECF No. 1; Objections, generally, ECF No. 16.) Jurisdiction in the federal courts is predicated upon either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. The Americans with Disabilities Act and the Federal Fair Housing Act confer jurisdiction on federal courts to hear certain types of controversies alleging discrimination based on a handicap.[2] Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court declines to adopt Magistrate Judge McDonald's Report because a basis for

---

[2] The court expresses no opinion on whether Reeves has stated a claim for relief on his claims.

2

federal jurisdiction exists.  This matter is remanded to Magistrate Judge McDonald for further proceedings.

    **IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
March 28, 2016