IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Ladale Reeves, | ) | C.A. No. 6:16-715-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Hampton Forest Apartments, Betty Parr, | ) | |
| Monument Real Estate Services, and | ) | |
| Jenny Decker, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Michael Ladale Reeves ("Reeves") alleges

violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Fair Housing

Act, 42 U.S.C. § 3601 et seq., the First Amendment of the United States Constitution, and

state law claims of harassment, intimidation, retaliation, and defamation.  Magistrate Judge

McDonald recommends denying Reeves' motions for summary judgment and for default

judgment and granting the Defendants' motion for summary judgment.

Reeves filed several sets of objections to the Report and Recommendation.  Objections

to the Report and Recommendation must be specific.  Failure to file specific objections

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Reeves' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. The magistrate judge further recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claim for defamation. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001). Based on the foregoing, the court declines to exercise supplemental jurisdiction over the remaining state law claim. Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation.

Therefore, it is

**ORDERED** that Reeves' motions for summary judgment, docket number 69, and for

default judgment, docket number 90, are denied.  It is further

**ORDERED** that Defendants' motion for summary judgment, docket number 78, is

granted.  It is further

**ORDERED** that the court declines to exercise supplemental jurisdiction over Reeves'

state law claim of defamation, and this case is dismissed.  It is further

**ORDERED** that all pending nondispositive motions, docket numbers 65, 66, 72, 91, 92,

97, 112, and 113, are dismissed as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 23, 2017

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.